## SMITH vs. TILTON.

*A bill of sale, though absolute in its terms, was held to be conditional, on the parol proof introduced by both parties.*

In this action, which was *trover*, for a yoke of oxen, it was admitted, that the oxen originally belonged to the plaintiff, and that the defendant had converted them to his own use.

To prove property in himself, the defendant produced a bill of sale from the plaintiff, of the same oxen, dated *May* 12, 1829. He also produced a note of hand of the same date, from the plaintiff to him, for $50, which *he offered to give up to the plaintiff*.

The plaintiff then called *Asa Cutting*, who testified that, when the bill of sale and note were given he was present and heard the bargain. That the consideration for them was a loan of $50, from the defendant to the plaintiff. That the bill of sale was given to secure the payment of the note, and that the oxen were formally delivered to the defendant. That it was agreed that they were to remain with the plaintiff, and that when the defendant could wait no longer for his money, he was to give notice to the plaintiff, and if the latter did not repay the money within a reasonable time thereafter, the defendant was to sell the oxen, pay himself, and return the surplus, should there be any, to the plaintiff.

*John G. Whitehouse,* also called by the plaintiff, testified to the same effect.

The testimony of both these witnesses was objected to, as varying the effect of the bill of sale, which was absolute; but *Weston J.* before whom the cause was tried, admitted it.

It was further testified by these witnesses, and *Simeon Branch,* that the oxen remained in the possession of the plaintiff — and that in the winter following, they were several times borrowed by the defendant, as the property of the plaintiff, to use in getting wood, &c. — but that the last time he borrowed them, which was in *February,* 1830, he did not return them.

It further appeared, that on the 2d of *March* following, the

oxen then being in the possession of the defendant, the plaintiff tendered to him $52,50, in payment of the note and interest, the sum being sufficient for that purpose, and demanded the oxen, but the defendant refused both to receive the money and give up the oxen.

It was proved by the defendant, that prior to this period, the plaintiff had said, that he had sold the oxen to the defendant, and that he had a right to take them when he pleased.

*Robert Cornforth,* a witness for the defendant, testified that in *January,* 1830, he bargained with the defendant to purchase the oxen in question, for $60, or a yoke the defendant had at home, for $50, it being agreed that he was to have a year's credit, paying interest. That he went with the defendant to the plaintiff, who then had the oxen in possession. That the defendant preferred that the plaintiff should let the oxen in question be sold to the witness, and urged him to consent to it. That the plaintiff replied, that the defendant might as well give him further credit as to give it to the witness, and said that he had agreed to wait upon him till *March.* This the defendant admitted, but said it was upon certain conditions, with which the plaintiff had not complied. The plaintiff then wanted the difference between what he owed the defendant upon his note, and the sum that the witness was to pay for the oxen, to which the defendant would not consent, whereupon the plaintiff refused to let the witness have the oxen. *Cornforth* further testified, that the defendant thereupon told the plaintiff, that he must pay him his money within a week or give up the oxen in controversy, to supply the place of the yoke he had at home, which he should let *Cornforth* have.

The counsel for the defendant, contended that, if the contract was originally such as the plaintiff's witnesses stated, he could not maintain trover for the oxen ; but should have brought his action for the overplus received by the defendant beyond the sum due him from the plaintiff. But the Judge instructed the jury that, if such was the contract, the defendant's lien upon the oxen was extinguished by the tender, and that he had no right there afterwards to retain or sell them. It was further insisted by the counsel for the defendant, that it was compe-

tent for the parties to vary the original contract, and that the facts testified to by *Cornforth* might be deemed evidence of a new contract, giving, in the contingency which happened, a right to the defendant to take the oxen absolutely as his own. The Judge instructed the jury that the parties might so vary the contract, but that it did not appear to him that proof of such variance, or of a new contract, was fairly deducible from the testimony of *Cornforth*, of which, however, they would judge for themselves.

If the testimony objected to, ought not to have been admitted, or if the jury were not properly instructed, the verdict, which was for the plaintiff for the value of the oxen, was to be set aside and a new trial granted, otherwise judgment was to be rendered thereon.

*Wells*, for the defendant.

1. The testimony of the plaintiff's witnesses ought not to have been received because it varies or contradicts the terms of the bill of sale. *Mease v. Mease, Cowp. R.* 47 ; *Dow v. Tuttle, 4 Mass.* 414 ; *Brigham v. Rogers,* 17 *Mass.* 571 ; *Rose v. Larned & al.* 14 *Mass.* 154. A deed, absolute on the face of it, cannot be shown to be conditional by parol. *Flint v. Sheldon,* 13 *Mass.* 443 ; *Hale v. Jewell & al.* 7 *Greenl.* 435 ; *Robinson v. McDonald,* 2 *B. & A.* 134. And this rule applies as well to simple contracts in writing as to specialties. *Stackpole v. Arnold,* 11 *Mass.* 27 ; *Gardiner Manufacturing Co. v. Heald,* 5 *Greenl.* 381 ; *Barber v. Brace & als.* 3 *Conn. R.* 9. The vendor is estopped to say he never sold the goods mentioned in the bill of sale. *Chapman & al. v. Searle, Admx.* 3 *Pick.* 38.

2. The oxen were the property of the defendant, and therefore he was not a tort-feasor. They were in his possession in *February,* when by virtue of the bill of sale, and under the terms of the special agreement, he refused to return them. — The property in the oxen then *vested* in the defendant, of which he could not be divested by the tender afterward in *March.*

3. The jury should have been instructed to deduct the sum tendered from the value of the cattle at the time of the conversion. *Jones v. Rogers,* 15 *Mass.* 399 ; 8 *East,* 168.

4. The plaintiff should have brought *assumpsit* and not *trover*.

*Allen* and *Boutelle*, for the plaintiff.

1. The introduction of the bill of sale and *note* by the defendant, under the circumstances, and the offer to give up the note, was an admission that the sale was a *conditional* one.

But if it were not so, the evidence which went to show that fact, was properly admitted. Parol evidence may be received in certain cases, to show that the whole of a contract was not reduced to writing, but that it was made with certain conditions or limitations expressly agreed on by the parties, but not contained in the writing, when the action is between the original parties. *Barker v. Prentiss*, 6 *Mass.* 430 ; *Field v. Nickerson*, 13 *Mass.* 138 ; *Storer v. Logan*, 9 *Mass.* 155.

It may be admitted in this case, on the ground of an exception to the general rule — that in all cases between the original parties the consideration may be inquired into. *Nason v. Wing*, 7 *Greenl.* 22 ; 1 *Paige's Rep.* 202 ; *James v. Johnson*, 6 *Johns. Chan. Rep.* 417 ; *Folsom v. Mussey*, 8 *Greenl.* 400.

This may also be considered as falling within the range of that class of cases, in which the additional terms, in part, constitute a new agreement, the former written one, being incorporated into it. 3 *Starkie's Ev.* 1048 ; *Munroe v. Perkins*, 9 *Pick.* 298.

The acts and declarations of the defendant, show what the contract was in this case. He recognized the plaintiff's right to keep possession of the oxen, and to use them, and claimed no other interest in them than a lien to the extent of his debt. These are sufficient and conclusive upon him. *Munroe v. Perkins*, 9 *Pick.* 298 ; 4 *Serg. & Raw.* 241 ; *Gerrish v. Sweetsir*, 4 *Pick.* 374 ; 1 *Johns. Chan. Cas.* 119.

The defendant most unequivocally admitted the plaintiff's rights, by *borrowing* the oxen of him so late as *February*. This affords a sufficient answer to the pretence that, before that time, the property in them had vested in the defendant.

That the plaintiff had adopted the proper remedy by tendering the amount of debt and bringing *trover*, they cited *Parkes*

*v. Hall,* 2 *Pick.* 206; 1 *Bulstrode,* 29; *Ratcliffe v. Davis, Yelverton,* 178; *Jarvis v. Rogers,* 15 *Mass.* 389.

*Sprague,* in reply. No case can be found, where *parol evidence,* under the circumstances of this case, has been admitted. It is said that it has been admitted where the whole of the contract had not been reduced to writing. But there it has always been, where the matter added was perfectly consistent with what was written, which is not the case here.

The pretence that there was a *subsequent* agreement including and modifying the first, has no foundation. The testimony offered was, that *at the time* the bill of sale was given, it was agreed that it should be conditional. It was an offer to prove by *parol,* that a contract was *different* from what it was *written.*

Cases have been cited to show, that the *consideration* may be inquired into though the contract is in writing. True, but the *promise* cannot be altered by parol — nothing but the *receipt.*

But if the testimony was admissible, still the plaintiff is not entitled to maintain this action. When the defendant took the oxen to sell, the debt was extinguished. When he had a right to *sell,* he had a right to *take* for that purpose; and having taken and sold, he is no longer liable for the *oxen,* but for the. *surplus* merely, beyond a satisfaction of the defendant's claim, from the proceeds of sale; and for this, *assumpsit* should have been brought, and not *trover.*

The opinion of the Court was delivered by

MELLEN C. J. — The defendant contends that the oxen in question, though once the property of the plaintiff, had been conveyed by him to the defendant *absolutely,* as appears by the bill of sale. The plaintiff says they were conveyed *conditionally,* and as *collateral* security for the payment of the $50. In *Jewett v. Reed,* 5 *Greenl.* 96, this Court decided that where *both parties* proved that a bill of sale, though absolute in its terms, was intended only as collateral security for a debt due; and all was done in good faith, the transfer was a mortgage. In the case before us the *defendant* introduced the bill of sale, and also the $50 note, both of the same date, and offered to give up the note. He also introduced *Webster* as a witness, who

testified that *both* parties acknowledged, or stated, that the oxen were put into the hands of the defendant as *security* for the payment of the $50. The same fact was also proved by the plaintiff, though objected to. Admit that it was not admissible, still it would be no ground for disturbing the verdict ; for the proof of the fact by the defendant himself was sufficient. All the evidence in the cause discloses that the contract was not, when made, intended as a *sale*, but a *mortgage*. Why else was the note offered in evidence with the bill of sale, and also offered to be given up. The defendant introduced evidence to show that after the bill of sale and note were given, the parties had varied the terms of the original contract by a subsequent one. It was contended, that by the proof introduced for that purpose by the defendant, he had a right to retain the oxen as his own absolute property, if the note should not be paid on demand ; and that in *January*, 1830, the defendant demanded payment within one week, or that the oxen should be delivered up to him. Under the instructions of the Judge on this point, the jury were at liberty to return a verdict for the defendant ; but it seems that they did not repose confidence in the proof adduced to establish this defence.

Why then is not the plaintiff entitled to recover on the facts which the verdict has established ? It appears that on the 2d of *March*, 1830, the oxen then being in possession of the defendant, the plaintiff tendered to him the sum of $52,50, in payment of the note and interest, being sufficient for that purpose, and then demanded the oxen. The question was pertinently asked in the argument by the plaintiff's counsel, " If " the demand of payment of the note, made in *January*, 1830, " entitled the defendant to hold the oxen as his own absolute " property, why did he borrow them of the plaintiff in *Febru-* " *ary* following ?" Is not this proof that he did not *then* consider them as his ? There is no proof of any act on *his* part, *after* that time, and *prior* to the tender ; so that when the tender was made, the absolute property of the oxen was vested in the plaintiff and the action is maintained.

The objection made to the verdict, as to its amount, on account of the non-deduction of the sum tendered, from the

sum found as damages, seems not to be regularly before us. No particular instruction was given or requested ; nor is the objection in any mode reserved for our consideration. Accordingly, and for the reasons above given, there must be

*Judgment on the verdict.*